PD-1587-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/27/2015 2:52:18 PM
Accepted 1/29/2015 2:27:36 PM
ABEL ACOSTA
CLERK

No. 06-13-00265-CR

## IN THE COURT OF CRIMINAL APPEALS

### RICTARICK PALMER

**Appellant,**

**v.**

### THE STATE OF TEXAS

## PETITION FOR DISCRETIONARY REVIEW

**Clement Dunn**
**State Bar No. 06249300**
**140 East Tyler, Suite 240**
**Longview, Texas 75601**
**Telephone: 903-753-7071**
**Fax: 903-753-8783**

FILED IN
COURT OF CRIMINAL APPEALS

January 29, 2015

ABEL ACOSTA, CLERK

## ORAL ARGUMENT WAIVED

# IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

1.      Appellant:      Rictarick Palmer

2.      Appellant's Trial Counsel:      Clement Dunn
Attorney at Law
140 E. Tyler Street, Suite 240
Longview, TX 75601
TSB No. 06249300

3.      Appellant's Counsel on Appeal:      Clement Dunn
Attorney at Law
140 E. Tyler Street, Suite 240
Longview, TX 75601
TSB No. 06249300

4.      Attorney for the State:      Christopher Botto
Assistant District Attorney, Gregg County
101 East Methvin St., Suite 333
Longview, Texas 75601
TSB No. 24064926

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

GROUNDS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CERTIFICATE OF WORD COUNT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

EXHIBIT A (COURT OF APPEALS' OPINION) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# INDEX OF AUTHORITIES

*United States v. Irey*, 612 F. 3d 1160,1223 n.44 (11th Cir.,2010) ..................... 3

*United States v. Candeloris*, 240 F. 3d 1300,1304-05 (11th Cir.,2001) ............... 3

*United States v. Bartlett*, 567 F. 3d 901,910 (7th Cir., 2009) ...................... 3

*United States v. Guthrie*, 557 F. 3d 243,255 (6th Cir.,2009) ....................... 3

*United States v. Curry*, 461 F. 3d 452,459 (4th Cir.,2006) ........................ 3

*United States v. Shvmard*, 120 F. 3d 339,340 (2d Cir.,1997) ....................... 3

NO. 02-12-00265-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

RICTARICK PALMER                                                 Appellant

V.

THE STATE OF TEXAS,                                              Appellee

* * * * *

**PETITION FOR DISCRETIONARY REVIEW**

* * * * *

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes Now the Appellant, by and through his attorney, Clement Dunn and respectfully

urges this Court to grant discretionary review of the above named cause.

**STATEMENT REGARDING ORAL ARGUMENT**

Believing that the issues in this case lend themselves to resolution on the basis of the

record and the briefs, the Petitioner respectfully waives oral argument.

**STATEMENT OF THE CASE**

Offense:      Possession Marijuana

Verdict:      Guilty; Seven (7) years confinement - Texas Department of Criminal Justice -

Institutional Division

Date of Verdict:      September 30, 2013

Trial Court:   124th District Court, Gregg County, Texas.

The instant case began as a prosecution of the Appellant for the offense of Possession of

Marijuana in an Amount of 50 Pounds or Less But More Than 5 Pounds, in Cause Number

38,611-B, in the 124th District Court of Gregg County, Texas. C.R., at 3. On June 21, 2010, the

Appellant entered a plea of guilty, without a plea agreement, to the Trial Court. R.R. 2, at 7-13. After the preparation of a presentence report, the Trial Court held a hearing on sentencing, on September 10, 2010. R.R. 3. At the conclusion of this hearing, the Trial Court sentenced the Appellant to ten years' confinement, but probated the sentence for seven years, placing the Appellant on community supervision for that period. Id., at 52. Subsequently, the State filed an Application for Revocation of Probation in this case on March 12, 2013, C.R., at 69, and then a First Amended Application for Revocation of Probation, on August 14, 2013. Id., at 72. On September 30, 2013, the Trial Court held a hearing on the State's First Amended Application for Revocation of Probation, and, after hearing testimony and argument, revoked the Appellant's community supervision, and sentenced him to seven years' confinement in the Texas Department of Criminal Justice- Institutional Division. R.R. 4, at 85. The Appellant filed a Motion for New trial and, subsequently, a Notice of Appeal. C.R., at 82;84.

## STATEMENT OF PROCEDURAL HISTORY

Court of Appeals Opinion:    October 28, 2014

Motion for Rehearing:    None filed

## GROUNDS FOR REVIEW

The Court of Appeals erred in holding the Petitioner failed to preserve error regarding his claim of a disproportionate sentence under the Eighth Amendment to the United States Constitution.

## ARGUMENT

The Petitioner respectfully submits that the Court of Appeals erred in not considering the merits of the claim the Petitioner raised on appeal regarding a disproportionate sentence under the Eighth Amendment. First, the Petitioner respectfully submits that a party need not

lodge an objection to preserve error if that would manifestly constitute an exercise in futility. Here, the trial court imposed sentence–and that ended the hearing. A motion for new trial, similarly, would have raised nothing not already evident regarding a claim of disproportionality. Secondly, an objection in the trial court should not serve as a prerequisite to raising disproportionality under the Eighth Amendment on appeal.

Arguments regarding the propriety of a sentence made to the trial court prior to the imposition of the sentence by the trial court have been held to preserve a challenge to that sentence on appeal. United States v. Irey, 612 F. 3d 1160,1223 n.44 (11ᵗʰ Cir.,2010). Even arguments in a "sentencing memorandum"–prior to the sentencing hearing itself–have sufficed to preserve error in an appellate challenge to a sentence. United States v. Candeloris, 240 F. 3d 1300,1304-05 (11ᵗʰ Cir.,2001); see also: United States v. Bartlett, 567 F. 3d 901,910 (7ᵗʰ Cir., 2009); United States v. Guthrie, 557 F. 3d 243,255 (6ᵗʰ Cir.,2009); United States v. Curry, 461 F. 3d 452,459 (4ᵗʰ Cir.,2006) (arguments at sentencing hearing sufficient to preserve objection even though no objection at end of sentencing colloguy); and United States v. Shvmard, 120 F. 3d 339,340 (2d Cir.,1997)(all cited with approval in Irey, supra, at 1223 n. 44).

## CONCLUSION

The Petitioner therefore respectfully requests that this cause be remanded to the Court of Appeals for review of the Petitioner's Eighth Amendment challenge to his sentence raised on direct appeal.

Respectfully submitted,

___//ss//___Clement Dunn_____
State Bar No. 06249300
140 East Tyler, Suite 240
Longview, Texas 75601
Telephone: 903-753-7071
Fax: 903-753-8783

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Petition for Discretionary Review was delivered to the Gregg County District Attorney's Office, Gregg, Texas on this 12th day of January 2015.

___//ss//___Clement Dunn_____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Petition for Discretionary Review was mailed to the State's Prosecuting Attorney, P. O. Box 13046, Austin, Texas, 78711-3046 on this __12th__ day of January, 2015.

___//ss//___Clement Dunn_____

## CERTIFICATE OF WORD COUNT

I hereby certify that a total of 1110 words are included in this PDR.

___//ss//___Clement Dunn_____

# APPENDIX "A"



# Court of Appeals
## Sixth Appellate District of Texas

## J U D G M E N T

Rictarick Tamero Palmer, Appellant

No. 06-13-00265-CR     v.

The State of Texas, Appellee

Appeal from the 124th District Court of Gregg County, Texas (Tr. Ct. No. 38611-B). Opinion delivered by Chief Justice Morriss, Justice Carter and Justice Moseley participating.

As stated in the Court's opinion of this date, we find partial error in the judgment of the court below. The trial court's judgment misspells Palmer's first name as Rictaric. We modify the trial court's judgment to correct this clerical error. We affirm the judgment of the trial court, as modified.

We further order that the appellant, Rictarick Tamero Palmer, pay all costs of this appeal.

RENDERED OCTOBER 28, 2014
BY ORDER OF THE COURT
JOSH R. MORRISS, III
CHIEF JUSTICE

ATTEST:
Debra K. Autrey, Clerk



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00265-CR

_____


RICTARICK TAMERO PALMER, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 38611-B


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

In 2010, Rictarick Tamero Palmer entered an open plea of guilty to the offense of possession of marihuana in an amount greater than five pounds but less than fifty pounds. After hearing testimony, the trial court (1) sentenced Palmer to ten years' confinement and ordered him to pay a $1,000.00 fine, (2) suspended the sentence, and (3) placed Palmer on community supervision for a period of seven years. In 2013, the trial court found that Palmer had violated the terms and conditions of his community supervision. Accordingly, the trial court sentenced Palmer to seven years' confinement for the underlying offense and ordered him to pay a $554.00 fine. On appeal, Palmer argues that, because his sentence is grossly disproportionate to the crime of which he was convicted, it constitutes cruel and unusual punishment prohibited by the Eighth Amendment. We find that error has not been preserved. Because the judgment misspells Palmer's name, we modify the judgment to correct this clerical error and affirm the trial court's judgment as modified.

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

An appellant claiming a disproportionate sentence is not excused from the necessity of error preservation. *See Stewart v. LaGrand*, 526 U.S. 115, 119 (1999) (appellant waived Eighth

2

Amendment complaint); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Thus, "[a] constitutionality challenge based on application to the defendant's case cannot be raised for the first time on appeal." *Fluellen v. State*, 104 S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.) (citing *Briggs v. State*, 789 S.W.2d 918, 923 (Tex. Crim. App. 1990); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.)); *see Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994).

We have reviewed the records of the trial proceeding and conclude that Palmer made no request, objection, or motion complaining of a disproportionate sentence. And, while this Court has held that a motion for new trial is an appropriate way to preserve this type of claim for review and while Palmer filed a motion for new trial, Palmer's motion for new trial made no mention of any claim of cruel and unusual punishment or disproportionate sentence. *See Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.) (citing *Delacruz v. State*, 167 S.W.3d 904, 905 (Tex. App.—Texarkana 2005, no pet.)).

Here, Palmer did not raise a disproportionate punishment complaint when the trial court imposed his sentence, in a motion for new trial, or in any other type of post-verdict motion. Accordingly, Palmer has forfeited his complaint that his sentence is disproportionate. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009 pet. ref'd). As a reviewing court, we should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g) (per curiam); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Accordingly, we overrule Palmer's sole point or error.

We must, however, modify the trial court's judgment in this case. We have authority to modify judgments to make the record speak the truth when the matter has been called to our attention by any source. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, writ ref'd)); *see French*, 830 S.W.2d at 609. Palmer spelled his first name as Rictarick in open court and on documents signed by Palmer that were filed in the clerk's record. However, the trial court's judgment misspells Palmer's first name as Rictaric. Accordingly, we modify the trial court's judgment to correct this clerical error.

We affirm the trial court's judgment, as modified.


Josh R. Morriss, III
Chief Justice

Date Submitted:     October 10, 2014
Date Decided:       October 28, 2014

Do Not Publish